IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERI LINN GALLOWAY,**

       **Plaintiff,**

**v.**                                 **Civil Action No. 2:17cv58**
                                        **(Judge Bailey)**

**JOHN E. GAINER, Esq.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

On April 20, 2017, the Plaintiff, Jeri Linn Galloway, initiated this case by filing a *pro se* complaint against his defense attorney, John E. Gainer[1], pursuant to 42 U.S.C. § 1983. The Plaintiff also filed a Motion/Application to Proceed without Prepayment of Fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915.

## I. Factual Background[2]

On February 9, 2016, the Plaintiff was indicted in the Circuit Court of Tyler County, West Virginia, on the charge that he committed the felony offense of obtaining money by false pretense. The charge stemmed from dealings he had with the Board of Trustees of the Middlebourne United Methodist Church in which he pretended that he would undertake

---

[1]Mr. Gainer is employed by the Public Defender Corporation.

[2]The information in the factual background comes from the Plaintiff's criminal docket sheet which was faxed to the *pro se* law clerk assigned to this case.

1

to perform work and improvements in exchange for $10,000. Following a jury trial, he was convicted on July 20, 2016. By Order filed on September 16, 2016, he was sentenced to a term of not less than 1 year nor more than 10 years with credit for time served. In addition, he was ordered to make restitution in the amount of $10,000 to the Trustee of the Middlebourne United Methodist Church.

## II. The Complaint

In is complaint, the Plaintiff complains that he received a more severe sentence than expected and alleges that the Defendant told him he would be receiving probation. In a similar vein, the Plaintiff alleges that the Defendant gave him mistaken advice regarding parole or probation eligibility. In addition, he alleges that the Defendant failed to file either a Rule 35 motion or an appeal. The Plaintiff further alleges that the Defendant failed to communicate a plea offer that was extended by the prosecutor. Finally, the Plaintiff lists various examples of what he considers to be ineffective assistance of counsel.

The Plaintiff complains that he been falsely imprisoned and has been "humiliated, disgraced, shamed, [deprived] of his pride and dignity and punished by [his] attorney." ECF No. 1 at 11. For relief, the Plaintiff seeks immediate release, revocation of the Defendant's license and payment of an unspecified amount for every day he has been in jail and damages for the loss of his home and belongings.

## III. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to perform a judicial review of certain suits brought by prisoners must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, or fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Private attorneys and public defenders do not act "under color of state law" by being part of a state judicial system or being paid by a state agency. Polk County v. Dodson, 454 U.S. 312 (1981). See also Hall v. Quillen, 631 F.2d 1554 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel). See also Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorneys do not act under color of state or federal law when representing

---

[3] Id. at 327.

3

clients, and therefore relief cannot be obtained under either section 1983 or Bivens).

Furthermore, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the Plaintiff with respect to his allegations against the Defendant "would necessarily imply the invalidity of his conviction or sentence"[4] and that the Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff has no chance of success on the merits, and his complaint is frivolous.

**V. Recommendation**

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §

---

[4] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

1915(e)(2)(B). It is further recommended that the Plaintiff's Motion/Application to Proceed Without Prepayment of Fees [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is **DIRECTED** to mail a copy of this Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: April 24, 2017

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE