# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JERI LINN GALLOWAY,**

   Plaintiff,

v.                  **CIVIL ACTION NO. 2:17cv58**
                            **(BAILEY)**

**JOHN E. GAINER, Esq.,**

   Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on April 24, 2017, wherein he recommends this Court dismiss Plaintiff's Complaint [Doc. 1] with prejudice and deny Plaintiff's Motion to Proceed without Prepayment of Fees [Doc. 2] as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on April 26, 2017. [Doc. 8]. Plaintiff filed his Objection on May 12, 2017. [Doc. 10]. This Court will accept Plaintiff's Objection as timely. Accordingly, this Court will review the portions of the R&R to which Plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

After reviewing as discussed above, this Court is of the opinion that the magistrate judge's Report and Recommendation should be and is hereby **ORDERED ADOPTED**.

## II.  BACKGROUND

On February 9, 2016, Plaintiff was indicted in the Circuit Court of Tyler County, West Virginia, on the charge that he committed the felony offense of obtaining money by false pretense.[1] [Doc. 6]. The charge stemmed from dealings Plaintiff had with the Board of Trustees of the Middlebourne United Methodist Church, in which he pretended that he would perform work and improvements in exchange for $10,000. [*Id.*]. Following a jury trial, Plaintiff was convicted on July 20, 2016. [*Id.*]. By Order filed on September 16, 2016, Plaintiff was sentenced to a term of not less than 1 year and not more than 10 years with credit for time served. [*Id.*]. In addition, Plaintiff was ordered to make restitution in the amount of $10,000 to the Trustees of the Middlebourne United Methodist Church. [*Id.*].

On April 20, 2017, Plaintiff initiated the instant action by filing a *pro se* Complaint

---

[1] The information in the factual background comes from Plaintiff's criminal docket sheet which was faxed to the *pro se* law clerk assigned to this case.

against Defendant, his defense attorney, pursuant to 42 U.S.C. § 1983. [Doc. 1]. The same day, Plaintiff filed a Motion to Proceed without Prepayment of Fees. [Doc. 2]. In his Complaint, Plaintiff alleges that he received a more severe sentence than expected and that Defendant told Plaintiff he would be receiving probation. [Doc. 1]. Similarly, Plaintiff complains that Defendant gave him mistaken advice regarding parole or probation eligibility. [*Id.*]. Additionally, Plaintiff alleges that Defendant failed to file either a Rule 35 motion or an appeal. [*Id.*]. Plaintiff further alleges that Defendant failed to communicate a plea offer extended by the prosecutor. [*Id.*]. Next, Plaintiff lists various examples of what he considers to be ineffective assistance of counsel. [*Id.*].

Finally, Plaintiff complains that he has been falsely imprisoned and has been "humiliated, disgraced, shamed, [deprived] of his pride and dignity, and punished by [his] attorney. [*Id.* at 11]. For relief, Plaintiff seeks immediate release, revocation of Defendant's license, and payment of an unspecified amount for every day he has been in jail and damages for the loss of his home and belongings. [*Id.*].

## III. DISCUSSION

In his R&R, Magistrate Judge Seibert begins by outlining all of the above information regarding the background and procedural history of the instant case, as well as the content of Plaintiff's Complaint. [Doc. 6]. After laying out the necessary standard of review for prisoners seeking redress from a government entity and the requirements for a complaint to be considered frivolous, Magistrate Judge Seibert begins his analysis of Plaintiff's Complaint. [*Id.*]. The conclusion of this analysis is that Plaintiff's Complaint has no chance of success and is, therefore, frivolous and should be dismissed with prejudice. [*Id.*]. Plaintiff's Motion to Proceed without Prepayment of Fees should also be denied as moot.

[*Id.*]. As reasoning for this conclusion, the magistrate judge states that a § 1983 action requires deprivation of a right secured by the Constitution by a person acting under color of state law. [*Id.*]. Private attorneys and public defenders do not act under color of state law, so a § 1983 action is not warranted. [*Id.*]. Further, the magistrate judge contends that if Plaintiff's action is successful it would serve to imply the invalidity of his sentence, which a § 1983 action may not do. [*Id.*]. In order for such a § 1983 action to proceed, the conviction must be otherwise invalidated. [*Id.*]. Because the instant action would have no chance for success, Magistrate Judge Seibert presents the conclusion that the Complaint should be dismissed. [*Id.*].

Plaintiff's Objection does not object to any specific portion of Magistrate Judge Seibert's R&R. [Doc. 10]. Read liberally, it may be interpreted as a general objection to the R&R, viewing it as unfair and as inadequately representing Plaintiff's rights. [*Id.*]. After stating his belief that Magistrate Judge Seibert has taken all of his rights, Plaintiff launches into what amounts to a restatement of his original Complaint. [*Id.*]. Plaintiff explains that he was forced to be behind on all of his jobs because of a late payment on a previous job, then reaffirms his belief that Defendant did not adequately represent him and should not be a public defender. [*Id.*]. Finally, Plaintiff has attached a transcript from his trial to the Objection in which the process of Plaintiff being chosen for the Middlebourne Church job is outlined and Plaintiff is identified for the jury. [*Id.*]. The transcript then jumps to an explanation of the job which Plaintiff claims led to his being behind in his work. [*Id.*].

### A.  Applicable Law

A case filed under 42 U.S.C. § 1983 requires deprivation of a right secured by the Constitution by a person acting under color of state law. 42 U.S.C. § 1983. Private

4

attorneys and public defenders do not act under color of state law by being part of the state judicial system or being paid by a state agency. **Polk County v. Dodson**, 454 U.S. 312 (1981); see also **Hall v. Quillen**, 631 F.2d 1554 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorneys as lacking "state action" and, therefore, failing to state a claim).

In **Heck v. Humphrey**, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

**Heck**, 512 U.S. at 486-487. Further, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. **Id**. at 484.

Pursuant to 28 U.S.C. § 1915(e)(2), a case must be dismissed if at any time the Court determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit in either law or fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, pro se allegations must be read in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the

---

[2] **Neitzke** at 327.

claims rely on factual allegations that are "clearly baseless." ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).

**B.** **Analysis**

Plaintiff does not have a fully developed understanding of what a § 1983 action is meant to accomplish. Rather than being a general forum for complaints when an action does not go in a party's favor, § 1983 is meant for specific instances in which an individual acting under color of state law causes a citizen of the United States to suffer some deprivation of rights, privileges, or immunities provided by the Constitution or laws. Prevailing in a lawsuit is not a right, privilege, or immunity, and § 1983 is a wholly inappropriate method of redress for this Plaintiff. There are a variety of avenues of redress which would be more appropriate for the particular fact pattern of the instant action, but, even in those actions, success by the Plaintiff seems unlikely. However, it is, of course, Plaintiff's right to pursue such remedies at a later date if he feels them to be necessary.

As was briefly mentioned above, Plaintiff's action does not meet the requirements of § 1983. First, Plaintiff's Complaint was filed against his attorney, a public defender. A case filed under § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Per **Polk County**, neither private attorneys nor public defenders act under color of state law, even if they are paid by a state agency. **Polk County**, 454 U.S. at 312. Because Plaintiff's Complaint is against his public defender attorney, public defender attorneys are not considered to act under color of state law, and a § 1983 action requires the individual to be acting under color of state law, it is a short step to see that the acting under color of state law requirement of § 1983 is not met in the

instant action.

Even if Plaintiff's Complaint did meet the requirements to bring a §1983 action, this would be an inappropriate case for the application of § 1983. Although Plaintiff is concerned that Defendant may not have provided adequate representation, this concern is only part of a larger concern over Plaintiff's conviction. In both his Complaint and Objection, it is clear that Plaintiff's primary concern is overturning his criminal conviction. Plaintiff goes beyond evidence which pertains to his attorney's actions and includes other allegations and portions of the transcript which he believes illustrate that he was wrongly convicted. Were Plaintiff's instant action to be successful, invalidation of his criminal conviction would indeed be one of the results. However, the United States Supreme Court set forth in **Heck** that a § 1983 suit may not be used by a convicted criminal defendant to collaterally attack his criminal conviction through a civil suit. **Heck**, 512 U.S. at 484. Only with some showing that Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus could a § 1983 action proceed. Because there has been no outside invalidation of the conviction and success in the instant action would imply the invalidity of Plaintiff's conviction, a § 1983 action would not be allowed to proceed even if the acting under color of state law requirement were met.

Plaintiff's Complaint does not meet the acting under color of state law requirement of § 1983 and would be barred until the original conviction has been otherwise invalidated even if this requirement was met, so his Complaint has no chance of success on the merits.

Even liberally read as required by the United States Supreme Court in *Haines*, there is no way to contort the contents of either Plaintiff's Complaint or Objection to fall within what may be a successful § 1983 action. *Haines*, 404 U.S. at 520. According to *Neitzke*, a complaint is frivolous if it is without arguable merit in either law or fact, and frivolous cases must be dismissed. *Neitzke*, 490 U.S. at 325. Plaintiff's Complaint is without arguable merit as it does not meet the requirements of a § 1983 action, specifically the acting under color of state law requirement as a public defender attorney does not act under color of state law. Further, even is this requirement were met, Plaintiff's action would be barred until his criminal conviction had been otherwise invalidated. Therefore, Plaintiff's Complaint is both without merit and frivolous and should be dismissed. Plaintiff's Objection **[Doc. 10]** is equally without merit and is, therefore, **OVERRULED**.

## IV.CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Accordingly, this Court **ORDERS** that Plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Proceed without Prepayment of Fees **[Doc. 2]** is hereby **DENIED AS MOOT**. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is **DIRECTED** to enter judgment in favor of Defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: June 30, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE